# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GENEVA MARIE HUSK,                    )
                                      )
           **Plaintiff,**          )
                                      )      **CIVIL ACTION**
**v.**                                )
                                      )      **No. 15-1366-JWL**
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social Security,  )
                                      )
           **Defendant.**          )
_____ )


## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.      Background

Plaintiff applied for DIB, alleging disability beginning January 14, 2012. (R. 14, 137). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred at step three

of his decision by determining that Plaintiff's impairment does not meet or equal the severity of Listing 1.04A.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

3

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

Plaintiff's only argument is of error in determining that the criteria of Listing

1.04A are not met or equaled at step three.  Because the court finds no step three error, it

affirms the decision below.

## II.   Discussion

Plaintiff claims that her condition meets the criteria of Listing 1.04A either

because of her cervical spine impairment or because of her lumbar spine impairment.  She

argues that either of her spinal impairments is a disorder of the spine resulting in

compromise of the nerve root or spinal cord within the meaning of the introductory

paragraph of Listing 1.04 (characterized by Plaintiff as the "first prong" analysis), and she

asserts that fact was acknowledged by the ALJ.  (Pl. Br. 4-5).  She then argues that the

record evidence demonstrates that each of her spinal impairments shows evidence of

nerve root compression "characterized by" all of the individual criteria of subparagraph A

of the Listing (characterized by Plaintiff as the "second prong" analysis).  Id. at 9-12.  She

argues that although all of the second prong criteria are not present in the record evidence

at the same time, the Listing does not contain a requirement to be present simultaneously.

Id. at 12.  Finally, Plaintiff argues that even if her impairments do not meet the Listing

criteria individually, they equal the criteria of the Listing when considered in combination

because Listing 1.04A requires only "that there be: '[E]vidence of a nerve root

compression characterized by' [the Listing] symptomology, not a rigid requirement that

every facet of the Second Prong occur upon every examination.  It is sufficient for such symptomology to be present considering plaintiff's [sic] medical history 'as the pain and radiculopathy severely interferes with her life.'" (Pl. Br. 13) (quoting, first 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.04A, and second, R. 428).

The Commissioner argues that Plaintiff's impairments do no meet the introductory paragraph ("first prong") requirement of Listing 1.04A because they do not result in compromise of a nerve root or the spinal cord since the record evidence only demonstrates the <u>possibility</u> of encroaching on a nerve root.  (Comm'r Br. 4-5).  She argues that, in any case the twelve month duration requirement was not met.  <u>Id.</u> at 6.  She argues nevertheless, that the medical opinions support the ALJ's finding, and that the ALJ reasonably found that Plaintiff is able to perform a limited range of light work.  <u>Id.</u> at 7-13.

**A.     <u>Step Three Standard</u>**

Plaintiff "has the burden at step three of demonstrating, through medical evidence, that h[er] impairments 'meet <u>all</u> of the specified medical criteria' contained in a particular listing." <u>Riddle v. Halter</u>, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in <u>Zebley</u>)).  "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. <u>Zebley</u>, 493 U.S. at 530.  Medical equivalence to a listing may be established by showing that the claimant's impairment(s) "is at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R.

§ 404.1526(a).  The determination of medical equivalence is made without consideration of vocational factors of age, education, or work experience.  20 C.F.R. § 404.1526(c).

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of h[er] age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)). The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background."  Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively."  Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

Listing 1.04A provides:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.04A.

To meet Listing 1.04, an impairment must first meet the criteria of either (I) compromise of a nerve root or (II) compromise of the spinal cord (the first prong). 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.04. In addition, Listing 1.04A (the second prong) requires: (1) neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss accompanied by either (a) sensory loss, or (b) reflex loss, and (only if the lower back is involved) (4) positive straight-leg raising, while both (a) sitting and (b) supine.

### B.   Analysis

In her Brief, Plaintiff acknowledges that the record evidence does not demonstrate all of the criteria of Listing 1.04A in a single examination of Plaintiff, but she argues that is not a requirement. (Pl. Br. 12). Moreover, when arguing that her impairments in combination equal the severity of the Listing, Plaintiff once again argues that the simultaneous presence of each criterion is not required. Id. at 13. This court addressed that very issue just a few months ago and found that Listing 1.04A cannot be met if the record does not contain evidence that the Listing criteria appear simultaneously. Atkins v. Colvin, Civ. A. No. 15-1168-JWL, 2016 WL 2989393, *6-12 (D. Kan. May 24, 2016). The Atkins decision was based upon the Supreme Court's holding in Zebley, and the Commissioner's rationale in Acquiescence Ruling (AR) 15-1(4), Radford v. Colvin: Standard for Meeting the Listing for Disorders of the Spine with Evidence of Nerve Root Compression, 80 Fed. Reg. 57,418-02, 2015 WL 5564523 (Sept. 23, 2015); id., and the court will not repeat its analysis here.

7

In summary, the Court found that the Listings are designed to streamline the disability determination process by granting presumed disability only to claimants who have an impairment or combination of impairments which preclude any gainful activity, not just substantial gainful activity.  Zebley, 493 U.S. at 533-34.  There are individuals whose spinal disorder(s) may be so severe as to disable them, but other individuals may have the same disorder(s) but not of disabling severity.  For cases where the severity of the disorder is in question, the Commissioner determined that the sequential evaluation process must continue to the fourth and/or fifth step to determine the question of disability.  But, she determined that the line defining a spinal disorder under Listing 1.04A which is so severe as to preclude any gainful activity should be drawn where medical examination reveals all of the criteria of the Listing are present simultaneously.  AR 15-1(4), 80 Fed. Reg. at 57,420 ("An individual who shows only some of the criteria on examination presents a different, less severe clinical picture than someone with the full set of criteria present simultaneously.") (emphasis added).  She found that "[t]o meet the severity required by the listing, our policy requires the simultaneous presence of all of the medical criteria in listing 1.04A."  Id.

Plaintiff acknowledges that all of the Listing criteria are not present simultaneously in her case.  Therefore, as a matter of law her argument that her condition meets the severity of Listing 1.04A fails.  Because Plaintiff's argument that her condition equals the Listing also rests on the flawed assertion that the Listing's symptomology need not "occur upon every examination" (Pl. Br. 13), that argument must also fail.

The court must address one other argument in Plaintiff's Brief.  Quoting 20 C.F.R. § 404.1529(d)(2), Plaintiff argues that all of the criteria of a Listing must be present simultaneously only when that Listing specifically states.  (Pl. Br. 12).

> (2) *Decision whether the Listing of Impairments is met.*  Some listed impairments include symptoms usually associated with those impairments as criteria.  Generally, when a symptom is one of the criteria in a listing, it is only necessary that the symptom be present in combination with the other criteria.  It is not necessary, unless the listing specifically states otherwise, to provide information about the intensity, persistence, or limiting effects of the symptom as long as all other findings required by the specific listing are present.

20 C.F.R. § 404.1529(d)(2).

Plaintiff emphasizes a limited portion of sentence three of the regulation quoted, and thereby applies the regulation beyond its limits.  Plaintiff's argument focuses on a portion of sentence three and implies that "[i]t is not necessary, unless the listing specifically states otherwise" that symptoms appear simultaneously with the other criteria of the Listing.  Id. (quoting 20 C.F.R. § 404.1529(d)(2)) (emphasis in Pl. Br.).  To be sure, § 404.1529 explains how the Commissioner evaluates symptoms.  However, what the regulation quoted above requires in sentence two is that "when a symptom is one of the criteria in a listing, it is only necessary that the symptom be present in combination with the other criteria."  20 C.F.R. § 404.1529(d)(2) (quoted at Pl. Br. 12) (emphasis added).  This sentence is at least consistent with a requirement that all of the criteria be simultaneously present.   What sentence three states, is that it is not necessary "to provide information about the intensity, persistence, or limiting effects," of a symptom except

9

when the Listing specifically requires.  Id.  This sentence provides an exception for information regarding intensity, persistence, and limiting effects, it does not provide the same exception for the simultaneous presence of all criteria.  In fact, its final phrase clarifies the situation by explaining that the exception only applies "as long as all other findings required by the specific listing are present."  Id. (emphasis added).  Listing 1.04A requires the simultaneous presence of all criteria, and sentence three of this regulation explains that the exception for intensity, persistence, or limiting effects may be taken only if the simultaneous presence requirement is met.  Plaintiff has presented, and the court is aware of, no means whereby Listing 1.04A can be met without the simultaneous presence of all its criteria on at least one examination.

Plaintiff has shown no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 17th day of October 2016, at Kansas City, Kansas.



s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

10